[Cite as *State v. Oliver*, 2016-Ohio-1250.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| V. | ) | CASE NO. 15 MA 0097 |
| | ) | |
| DWAYNE A. OLIVER | ) | OPINION |
| | ) | AND |
| DEFENDANT-APPELLANT | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:     Motion for Reconsideration

JUDGMENT:     Denied

APPEARANCES:
For Plaintiff-Appellee

Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendants-Appellant

Dwayne Oliver, Pro-Se
Inmate No. 53486060
P.O. Box 10
Lisbon, Ohio 44432

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 24, 2016

PER CURIAM.

{¶1}   On January 19, 2016, Appellant Dwayne Oliver filed a post-decision pleading labeled "Motion for Reconsideration, Motion to Certify Conflict, and Motion for En Banc Consideration" in the appeal of *State v. Oliver*, 7th Dist. 15 MA 97, 2015-Ohio-5596. Oliver advances no law or argument relating to the Motion to Certify Conflict and Motion for En Banc Consideration. As such, those motions are summarily denied.

{¶2}   This leaves us to address Oliver's Motion for Reconsideration.   A motion for reconsideration must call to the attention of the appellate court an obvious error in its decision or point to an issue that had been raised but was inadvertently not considered. *Juhasz v. Costanzo*, 7th Dist. No. 99CA294, 2002 Ohio 553, *1. The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04MA245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision*." Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005–Ohio–1766, ¶ 16 (internal citation omitted)

{¶3}   App.R. 26(A)(1) mandates that applications for reconsideration shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question or made a note on the docket of the mailing."  "A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation provided for by the rule if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit." *State v. Dew*, 7th Dist. No. 08MA62, 2014-Ohio-4042, ¶7.

{¶4}   This Court issued its judgment entry and opinion in Oliver's direct appeal on December 30, 2015. He acknowledges receiving the opinion on January 6, 2016. Oliver filed his motion on January 19, 2015, three days late. He did not acknowledge this tardy filing nor provide an explanation of good cause. More importantly, there does not appear to be, nor does he allege, an issue of sufficient importance to warrant entertaining his motion beyond the ten day limit.

{¶5}   Because Oliver has failed to meet the requisite time frame for

reconsideration, the merits of his motion cannot be addressed and the motion is hereby denied.

DeGenaro, J., concurs.

Donforio, P.J., concurs.

Waite, J., concurs.